IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC D. KRAUS,

      **Plaintiff,**

v.                                                    No. CIV 06-1157 RB/DJS

NATIONAL RAILROAD PASSENGER CORP.,

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Strike Plaintiff Eric Kraus' Expert Witnesses (Doc. 29), filed on November 7, 2007; Plaintiff's Motion to Extend Time to Serve Expert Witness Reports (Doc. 36), filed on November 28, 2007; and Defendant's Motion to Strike Plaintiff's Fifth Supplemental Rule 26(a)(1) Disclosures (Doc. 49), filed on March 3, 2008. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel, relevant law, and being otherwise fully advised, I grant Plaintiff's motion and deny Defendant's motions.

**I.   Background.**

Plaintiff brought this action under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, to recover damages for bodily injuries allegedly sustained on January 28, 2004, while he was employed by Defendant on an Amtrak train in Raton, New Mexico. (Doc. 1, ¶ 5.) Defendant has moved to strike Plaintiff's expert witness[1] in the field of economics and Plaintiff's supplemental disclosure of two fact witnesses. Plaintiff has moved for an extension of time to identify his expert witnesses.

---

[1] Defendant also moved to strike Plaintiff's identification of Malcolm McPhee, M.D. as an expert witness. Plaintiff, however, withdrew Dr. McPhee as a rebuttal expert witness. Defendant's motion to strike expert witnesses as it pertains to Dr. McPhee is therefore moot.

On June 26, 2007, the Honorable Don J. Svet, United States Magistrate Judge, issued a Scheduling Order that, inter alia, set the discovery deadline as November 30, 2007, required Plaintiff to disclose expert witnesses by September 4, 2007, and required Defendant to disclose expert witnesses by October 10, 2007. (Doc. 18.) On November 7, 2007, Judge Svet extended the deadline for Defendant to provide expert reports to October 20, 2007.[2] (Doc. 26.) On December 5, 2007, Judge Svet extended the discovery deadline to January 15, 2008. (Doc. 39.)

On June 4, 2007, Plaintiff stated he intended to retain an economist and expected the economist would be Jeffrey Opp. (Doc. 12.) On September 6, 2007, Plaintiff identified Jeffrey Opp as a retained expert in the field of economics. (Doc. 36.) On October 8, 2007, Plaintiff disclosed Mr. Opp's report. (Doc. 35-2, Pl. Ex. 1.) On October 19, 2007, Plaintiff disclosed a second report from Mr. Opp that differed from the first report in that it assumed Plaintiff would return to work at either a full-time or part-time job based on the results of a vocational evaluation. (Doc. 35-3, Pl. Ex. 2.)

On February 7, 2008, Plaintiff served his Fifth SuJune 6, 2008pplemental Rule 26(a)(1) Disclosures, identifying James Steiner and Ralph T. Utterback as fact witnesses with knowledge of Plaintiff's physical condition both before and after the incident.

**II.    Discussion.**

Rule 37 provides, in pertinent part, that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted

---

[2] In the Joint Status Report and Provisional Discovery Plan, filed on June 4, 2007, the parties requested October 20, 2007 as the deadline for Defendant to disclose expert witnesses. (Doc. 12.)

2

to the broad discretion of the district court." *Woodworkers Supply, Inc. v. Principal Mut. Life. Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).  While a district court need not make explicit findings concerning the existence of substantial justification or the harmlessness of a failure to disclose, the Tenth Circuit has identified the following factors for consideration: (1) any prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure any prejudice; (3) the extent to which introducing the testimony would disrupt the trial; and (4) the violator's bad faith or willfulness.  *Id.*

Defendant asserts that it was prejudiced by Plaintiff's delay in disclosing Mr. Opp's report and the two witnesses, yet it has failed to offer any specific information as to how it was prejudiced by the late disclosures.  As of September 6, 2007, Defendant was on notice that Plaintiff planned to call an economic loss analyst as an expert witness at trial.  At his November 28, 2007 deposition, in response to defense counsel's questioning, Plaintiff identified Mr. Steiner and Mr. Utterback as Plaintiff's close friends who had knowledge of Plaintiff's physical limitations.  (Doc. 52.)  In response to further questioning, Plaintiff testified Mr. Steiner lives in Albuquerque and is employed by Defendant as an engineer and Mr. Utterback used to work for Defendant and now lives in El Paso, Texas.  (*Id.*)

Plaintiff brought this case under FELA, seeking recovery for an alleged work-related injury.  Based on the nature of this case, it is hardly surprising that Plaintiff intends to call an economic loss expert and witnesses to testify about his physical limitations.  Defendant had ample time to cure any prejudice before discovery terminated.  Indeed, Plaintiff does not object to Defendant deposing Mr. Opp or designating its own expert witness in the field of economics.  Mr. Steiner and Mr. Utterback were disclosed as witnesses over seven months before the current trial setting.  Any prejudice could be cured by extension of the discovery deadline.  The delay will not disrupt the trial.  There is no

indication of bad faith or wilfulness. Without condoning Plaintiff's tardiness, I find that the delays were harmless under the circumstances of this case.

This matter is currently set for pretrial conferences on June 27 and August 1, 2008, and for jury selection and trial on September 22, 2008. Due to an unusually heavy criminal trial schedule, I will be unable to try this case before May 2009. The pretrial conferences and trial are hereby vacated. Judge Svet is directed to hold a status conference as soon as practicable and set new discovery deadlines consistent with the current posture of this case.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Strike Plaintiff Eric Kraus' Expert Witnesses (Doc. 29), filed on November 7, 2007, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time to Serve Expert Witness Reports (Doc. 36), filed on November 28, 2007, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Fifth Supplemental Rule 26(a)(1) Disclosures (Doc. 49), filed on March 3, 2008, is **DENIED**.

**IT IS FURTHER ORDERED** that the pretrial conferences, set for June 27 and August 1, 2008, and the jury trial, set for September 22, 2008, are **VACATED**.

**IT IS FINALLY ORDERED** that Judge Svet is directed to hold a status conference as soon as practicable and set new discovery deadlines consistent with the current posture of this case.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**